UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HC4, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 4:16-cv-1957 |
| TRAVELERS CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA'S
### NOTICE OF REMOVAL

Defendant Travelers Casualty and Surety Company of America ("Travelers") hereby removes this case from the 268th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1441(a) and 1332, and would respectfully show the Court as follows:

### PARTIES

1. Defendant HC4, Inc. ("HC4") is a domestic for-profit corporation incorporated in the State of Texas with its principal place of office at 10223 Broadway, Suite P230, Pearland, Texas 77584. For purposes of diversity of citizenship, it is a citizen of Texas.

2. Defendant Travelers Casualty and Surety Company of America ("Travelers") is an insurance company licensed to do business in the State of Texas, which is incorporated under the laws of Connecticut and which has its principal place of business in Connecticut.  For purposes of diversity of citizenship, it is a citizen of Connecticut.

## PROCEDURAL BACKGROUND

3.  On June 1, 2016, Plaintiff filed suit against Travelers in that certain lawsuit styled *HC4, Inc. v. Travelers Casualty and Surety Company of America*, Cause No. 16-DCV-232819, pending in the 268th Judicial District Court of Fort Bend County, Texas (the "State Court Action").

4.  Travelers was served with Plaintiff's Original Petition (the "Petition") for the first time on June 9, 2016.  A true and correct copy of the Petition and service of citation is attached hereto as Exhibit 1, and incorporated herein by reference.

5.  In its Petition, Plaintiff alleges that Travelers breached its contractual obligations under the terms of a Wrap Plus Policy No. 061-LB-105873737 (the "Policy"). The Petition also alleges that Travelers violated certain common-law and statutory duties.

## BASIS FOR REMOVAL

6.  This action is removable under 28 U.S.C. § 1441(a) based on the original jurisdiction conferred on this Court by 28 U.S.C. § 1332(a)(1). This lawsuit is a civil dispute between citizens of different states. Under 28 U.S.C. § 1332(c)(1), corporations are citizens of the place in which they are incorporated and the place in which they have their principal place of business. Here, as noted above, the plaintiff is incorporated in Texas and has its principal place of business in Texas. The defendant is incorporated in Connecticut and has its principal place of business in Connecticut. There is, and was at all relevant times (including the time of the filing of the State Court Action, service of the Petition, and the filing of this Notice of Removal), complete diversity of citizenship between the parties.

7.  The amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs, as evidenced by the Petition. Plaintiff alleges that its total loss it is seeking in this lawsuit is $8.9 million. *See* Petition at ¶13.

## VENUE

8. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district and division of this Court embrace Fort Bend County, Texas, the place where Plaintiff filed its State Court Action, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Fort Bend County, Texas.

## REMOVAL REQUIREMENTS

9. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). This Notice of Removal is filed within thirty days of June 9, 2015, the date Travelers first was served with the Petition, the initial pleading setting forth the claim for relief in the State Court Action. *See* Exhibit 1. This Notice of Removal is also filed within one year of the filing of Plaintiff's action against Travelers on January 28, 2015.

10. As required by 28 U.S.C. § 1446(a) and LR81, a true and correct copy of all executed process, pleadings, orders, the docket sheet, index of matters being filed, and a list of all counsel of record are attached as Exhibit 2, and incorporated herein by reference.

11. A copy of this Notice of Removal will be promptly filed with the clerk of the state court from which the action was removed, and will also be served on Plaintiff by serving its counsel of record.

12. By filing this Notice of Removal, Travelers does not intend to waive any defenses it may have.

Wherefore, Defendant Travelers Casualty and Surety Company of America requests that the Court accept jurisdiction over this case for the reasons set forth above, and grant it such other and further relief to which it has shown itself justly entitled.

Respectfully submitted,

*/s/ Michael Keeley*

Michael Keeley
Texas State Bar No.  11157800
Southern District of Texas Bar No. 10511
michael.keeley@strasburger.com
Carla C. Crapster
Texas State Bar No.  24065094
Southern District of Texas Bar No. 1742183
carla.crapster@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, TX 75202-3794
(214) 651-4300
(214) 651-4330 Fax

**ATTORNEYS FOR DEFENDANT
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served to all counsel listed below on 1st day of July, 2016, via certified mail, return receipt requested.

Christopher M. Choate
2000 Smith Street
Houston, Texas 77002
cmchoate@choatefirm.com

*/s/ Michael Keeley*
Michael Keeley