**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HC4, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| TRAVELERS CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |
| | § | |

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HC4, INC. | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| TRAVELERS CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
|     Defendant. | § | |
| | § | |

## INDEX OF MATTERS BEING FILED

The following matters are being filed together with Defendant Travelers Casualty Insurance Surety Company of America's Notice of Removal:

A.    District Court Docket Sheet;

B.    Plaintiff's Original Petition, filed on June 1, 2016;

C.    Citation issued to Travelers Casualty and Surety Company of America on June 6, 2016;

D.    Return of service for Travelers Casualty and Surety Company of America

E.    List of All Counsel of Record.

16-DCV-232819
DOSH
Docket Sheet
4205427

# DOCKET

CAUSE NO. 16-DCV-232819

| COURT NO. | STYLE OF CASE | ATTORNEYS | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| **268TH JUDICIAL DISTRICT COURT** | HC4, INC. V. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | CHRISTOPHER CHOATE | Contract - Consumer/Commercial/Debt | MONTH | DAY | YEAR |
| STENOGRAPHER USED? | | 2000 SMITH STREET HOUSTON TX 77002 | | 06/01/2016 | | |
| YES | NO | | | | | |
| | | | | JURY FEE | | |
| | | 713-224-0101 | | PAID BY | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

CAUSE NO.  16-DCV-232819
HC4, INC. V. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA

| DATE OF ORDERS | | | |
|---|---|---|---|
| MONTH | DAY | YEAR | |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Filed
6/1/2016 6:15:17 AM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Marissa Merlos

CAUSE NO. **16-DCV-232819**

| | | |
|---|---|---|
| **HC4, Inc.** | § | **IN THE** _____ |
| **Plaintiff** | § | |
| | § | Fort Bend County - 268th Judicial District Court |
| **v.** | § | **JUDICIAL DISTRICT COURT** |
| | § | |
| **TRAVELERS CASUALTY AND** | § | |
| **SURETY COMPANY OF AMERICA** | § | |
| **Defendant** | § | **FORT BEND COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HC4, INC. ("Plaintiff") and files this Plaintiff's Original Petition complaining of Travelers Casualty and Surety Company of America, ("Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends for discovery to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES

2.    Plaintiff HC4, Inc. is a business incorporated in the State of Texas, with its principal place of business being 10223 Broadway, Suite P230, Pearland, Texas 77584.

3.    Defendant Travelers Casualty and Surety Company of America ("Travelers") is a foreign insurance company engaging in the business of insurance in the State of Texas, with a corporate mailing address of One Tower Square, Hartford, CT 06183. The defendant may be served with by serving its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

<u>**JURISDICTION**</u>

4.   The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.   The Court has jurisdiction over Defendant Travelers because this defendant is a domestic insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

<u>**VENUE**</u>

6.   Venue is properly in Fort Bend County, Texas because the insured entity was situated in Fort Bend County, Texas. Tex. Civ . Prac. & Rem. Code § 15.032 at the time the causes of action arose.

<u>**FACTS**</u>

7.    Plaintiff is a corporation which was formerly known as Hallmark Group, Inc. It owned the following subsidiaries: Hallmark Capital Group, LLC ("Hallmark"), CBIC Construction and Development, LLC ("CBIC") and "FCS Fab, Inc. d/b/a 4 City Steel, Fabrication ("FCS Fab").

8.   Defendant issued Policy No. 105873737 ("Policy") to Plaintiff. This policy was effective through December 18, 2014. This Policy covered, inter alia, loss due to crime.

9.   Plaintiff acquired CBIC and FCS Fab through an exchange of stock with an individual known as Esther Francis ("Francis") on or about December 31, 2012.  As part of this exchange of stock, Francis became a shareholder and Director of Plaintiff.  Francis was given the title of President of HC4, Inc.

10.  Unbeknownst to Plaintiff, Francis had significant personal financial debts, and it was not until 2014 that Plaintiff discovered that Francis had systematically and wrongfully diverted substantial corporate funds to her own use.  This wrongful diversion made it impossible for Plaintiff to fulfill its obligations to its creditors and customers.

11.  As a result of Francis's wrongdoing, Plaintiff became involved in at least sixteen disputes:

A) **Linbeck—FCS Fab Dispute**, involving a subcontract for FCS Fab to fabricate steel structures for portions of a project for the Buffalo Bayou Partnership;

B) **Skanska—FCS Fab and *Welco Steel v. FCS Fab* Dispute**, involving a subcontract for FCS Fab to fabricate steel structures for the Houston Community College System;

C) **NAS Surety Group—Indemnification Claim**, involving subcontracts for FCS Fab to fabricate steel structures for portions of the Victory Lakes Specialty Care Center and University of Texas MD Anderson Cancer Center;

D) *Harris County, et al v. FCS Fab* **Litigation**, involving delinquent taxes, penalties, interest, and costs for the year 2014;

E) **Wells Fargo Dispute**, involving a revolving loan in the original principal amount of $2.5 million;

F) *American Express v. Hallmark Capital Group, LLC* **Litigation**, involving alleged failure to make payments on a corporate credit card;

G) **Peterson AFB Contract Dispute**, involving a terminated contract for lack of performance;

H) **Matheson Tri-Gas Dispute**, involving a past-due invoice submitted to Four City Steel;

I) **United Rentals Dispute**, involving a past-due invoice submitted to 4 City Construction;

J) **NLRB Claim**, involving a labor dispute;

K) **Ismael Guzman, et al.—Presidio Late Wage Pay Claims Dispute**, involving late wages owed ten workers in California;

L) *OHM Electric & HVAC v. CBIC Construction, et al* **Litigation**, involving an alleged breach of contract;

M) **U.S. Department of Labor Investigation of ESOP**, involving the United States Department of Labor's investigation into Plaintiff's ESOP and 401(k) plans;

N) **ESOP –Esther Francis Theft Claims**, involving Plaintiff's then-shareholder and director Esther Francis's ("Francis") theft from Plaintiff's ESOP;

O) **ESOP and Individual Participants—Potential Claims**, involving anticipated claims from employees due to Francis's Theft from the company; and

P) **HC4 Esther Francis Theft Claim**, involving Francis's theft from Plaintiff.

12.  On December 17, 2014, Plaintiff submitted a global notice of claim and proof of loss pursuant to the Policy.  This claim referenced the sixteen disputes listed in paragraph 11,

along with a 17th claim for anticipated future claims due to the collapse of its business brought about by the wrongdoing of Esther Francis.

13.    The total loss claimed by Plaintiff amounted to approximately $8.9 million, as follows:

| | | |
|---|---|---|
| A) | Linbeck-FCS Fab Dispute | $300,000.00 |
| B) | Skanska—FCS Fab and *Welco Steel v. FCS Fab* Dispute | $350,000.00 |
| C) | NAS Surety Group—Indemnification Claim | $2,269,688.47 |
| D) | *Harris County, et al v. FCS Fab* Litigation | $7,278.60 |
| E) | Wells Fargo Dispute | $1,510,572.76 |
| F) | *American Express v. Hallmark Capital Group, LLC* Litigation | $274,551.91 |
| G) | Peterson AFB Contract Dispute | $100,000.00 |
| H) | Matheson Tri-Gas Dispute | $24,264.65 |
| I) | United Rentals Dispute | $60,110.61 |
| J) | NLRB Claim | $372,424.00 |
| K) | Guzman, et al.—Presidio Late Wage Pay Claims Dispute | $120,000.00 |
| L) | *OHM Electric & HVAC v. CBIC Construction, et al* Litigation | $58,887.00 |
| M) | U.S. Department of Labor Investigation of ESOP Dispute | Undetermined |
| N) | ESOP Esther Francis Theft Claims | $1,891,950.08 |
| O) | ESOP and Individual Participants—Potential Claims | Previously Submitted |
| P) | HC4 Esther Francis Theft Claim | $1,200,331.58 |
| Q) | Other Anticipated Claims | Undetermined |
| | **Total:** | **$8,859,756.66** |

14.    As of the date of this filing, only the NAS Surety Group and Well Fargo claims have been settled.  Defendant has denied the remaining claims submitted by Plaintiff, its insured.

<u>**CAUSES OF ACTION**</u>

15.    Defendant is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

*BREACH OF CONTRACT*

16.  Defendant's conduct constitutes a breach of the insurance contract made between Travelers and Plaintiff.

17.  Defendant's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Traveler's insurance contract with Plaintiff.

*NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES*

18.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code § 541.060(a). All violations under this article are made actionable by Tex. Ins. Code § 541.151.

19.  Defendant's unfair settlement practice, as described above, or misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1).

20.  Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A).

21.  Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3).

22. Defendant's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(4).

23. Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

*NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS*

24. Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

25. Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

26. Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

27. Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of

time provided, as described above, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

*BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING*

28. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

29. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

*FRAUD*

30. Defendant is liable to Plaintiff for common law fraud.

31. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representation, Plaintiff would not have acted as it did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

32. The statement were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

*KNOWLEDGE*

33. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

34. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

35. As previously mentioned, the damages caused by Esther Francis's acts have not been properly addressed or remedied in the ensuing time, causing further damage to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

36. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

37. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times its actual damages. Tex. Ins. Code § 541.152.

38. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex. Ins. Code § 542.060.

39. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

40.    For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

41.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

42.    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas.

### WRITTEN DISCOVERY
### *Requests for Disclosure*

43.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose within 50 days of service of this request, the information or material described in Rule 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court

on its behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any

other and further relief, either at law or in equity, to which it may show itself justly entitled.


Dated this 1st day of June, 2016.


RESPECTFULLY SUBMITTED,

**/s/ Christopher M. Choate**
Christopher M. Choate
SBN: 24045655
2000 Smith Street
Houston, Texas 77002
713-224-0101
713-237-1511 (Fax)
cmchoate@choatefirm.com
Attorney for Plaintiff

**SERVICE FEE COLLECTED
BY DISTRICT CLERK**

### THE STATE OF TEXAS

### CITATION

TO:    TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
       BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
       211 EAST 7TH STREET SUITE 620
       AUSTIN TX 78701-3218

**NOTICE:**

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **JUNE 01, 2016,** a default judgment may be taken against you.  Said answer may be filed by mailing to the District Clerk's Office at 301 Jackson Street, Richmond, Texas 77469, or by bringing said answer to the physical address at 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

    The case is presently pending before the **268TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed on **JUNE 01, 2016**. It bears cause number **16-DCV-232819**  and is styled:

**HC4, INC. V. TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

    The name and address of the attorney for **PLAINTIFF OR PETITIONER** is:

**CHRISTOPHER CHOATE
2000 SMITH STREET
HOUSTON TX  77002
713-224-0101**

    The nature of the demands of said **PLAINTIFF OR PETITIONER** is shown by a true and correct copy of the ; **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

    If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 6th day of June, 2016.**

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

*Michelle Y Jensen*

By:_____
    Deputy District Clerk **MICHELLE L JENSEN**
    Telephone: **(281) 633-7634**

16 – DCV – 232819
ISSU
Issuance
4211047

**ORIGINAL**

16-DCV-232819                                              268th Judicial District Court
HC4, Inc. v. Travelers Casualty and Surety Company of America

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **; 1st day of June, 2016** at **6:15 am** o'clock and executed at **C/O REGISTERED AGENT CORPORATION SERVICE COMPANY  211 EAST 7TH STREET SUITE 620 AUSTIN TX  78701-3218,** on the **June 06, 2016**, by delivering to the within named **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA** by registered or certified mail, with delivery - restricted to addressee only, return receipt requested, a true copy of this citation together with the accompanying copy of the petition were attached thereto.

Fee......... **$8.00 Issuance + $80.00 Service = $88.00**

CMRRR# 9414 7266 9904 2957 5458 06

# FILED

JUN 0 6 2016
AT ___10:59___ A.M.
Clerk District Court, Fort Bend Co., TX

DISTRICT CLERK ANNIE REBECCA ELLIOTT
Fort Bend County, Texas

By: _Michelle Y Jensen_
Deputy District Clerk  Michelle L Jensen

---

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is
                     (First, Middle, Last)

_____, and my address is _____
                                                          (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____,

on the day of _____.

_____
Declarant / Authorized Process Server

## ORIGINAL

Citation (By Certified Mail) issued to Travelers Casualty and Surety Company of America on 6/6/2016.

2. Article

16 – DCV – 232819
ISSU
Issuance
4227723

9414 7266 9904 2957 5458 06

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

1. Article Addressed to:

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA BY SERVING/ITS
REGISTERED AGENT CORPORATION SERVICE
COMPANY 211 EAST 7TH STREET, STE
620
AUSTIN, TX 78701-3218

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery
JUN 0 9 2016

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?
If YES, enter delivery address below:

☐ Yes
☐ No

FILED
2016 JUN 13 PH 3: 18
CLERK DISTRICT COURT
FORT BEND CO. TX
Silvia Guevara

PS Form 3811, December 2014

Domestic Return Receipt

DC/CV 16DCV232819 RCA, INC CIT AUSTIN MLJ

UNITED STATES POSTAL SERVICE®



First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

• Print your name, address and ZIP+4® below •

ANNIE REBECCA ELLIOTT
FORT BEND COUNTY DISTRICT CLERK
301 JACKSON
RICHMOND TX 77469-3108

US Postal Service®

Certified

16-DCV-232019
ISSU
Issuance
4215720

Coverage Provided

Postage  $ .99

Certified Fee  330

Return Receipt Fee
(Endorsement Required)  2U

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees  $689

RICHMOND, TX 77469
JUN - 6 2016
USPS
Postmark
Here

Sent To:

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA BY SERVINGWATS
REGISTERED AGENT CORPORATION SERVICE
COMPANY 211 EAST 7TH STREET, STE
620
AUSTIN, TX 78701-3218

FILED

2016 JUN -7  AM 10: 38

*Ronnie Kohana Elkins*

CLERK DISTRICT COURT
FORT BEND CO., TX

**Silvia Guevara**

9414 7266 9904 2957 5458 00

PS Form 3800, December 2014    US Postal Service®

Certified Mail® Receipt

DC/CV 16DCV232019 HC4, INC CIT 268TH MLJ

2

# Certified Mail® Provides:

■ A mailing receipt

■ A unique identifier for your mailpiece

■ A signature upon delivery

■ A record of delivery kept by the Postal Service™ for two years

**Important Reminders:**

■ Certified Mail® may ONLY be combined with First-Class Mail® or Priority Mail®.

■ Certified Mail® is not available for any class of international mail.

■ NO INSURANCE COVERAGE IS PROVIDED with Certified Mail®. For valuables, please consider Insured or Registered Mail™.

■ For an additional fee, Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS® postmark on your Certified Mail® receipt is required.

■ For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".

■ If a postmark on the Certified Mail® receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail® receipt is not needed, detach and affix label with postage and mail.

**IMPORTANT: Save this receipt and present it when making an inquiry.**

PS Form 3800, December 2014 (Reverse)

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HC4, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| TRAVELERS CASUALTY AND SURETY | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## COUNSEL OF RECORD

1.    Counsel for Plaintiff HC4, Inc.:

      Christopher M. Choate
      The Choate Firm
      2000 Smith Street
      Houston, Texas 77002
      (713) 224-0101

2.    Counsel for Defendant Travelers Casualty and Surety Company of America:

      Michael Keeley
      Carla C. Crapster
      Strasburger & Price, LLP
      901 Main Street, Suite 4400
      Dallas, Texas 75202
      (214) 651-4718